UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | CR No. 17-039 WES |
| v. | |
| REYSEAN WILLIAMS | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, REYSEAN WILLIAMS, have reached the following agreement:

1. **Defendant's Obligations.**

    a. Defendant will plead guilty to Count~~s One and~~ Two of the Indictment, which charges Defendant with ~~Conspiracy to traffic a child, in violation of 18 U.S.C. § 1594(c) (Count One); and~~ Sex trafficking of a child, in violation of 18 U.S.C. § 1591(a)(1), (a)(2), (b)(2) & (c) (Count Two).

    b. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2. **Government's Obligations.** In exchange for Defendant's pleas of guilty:

1

a. The United States and Defendant will recommend to the Court, as a reasonable sentence, that Defendant be sentenced to a term of incarceration of 120 months.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

e. The government will, at the time of sentencing, move to dismiss Counts Three and Four of the Indictment.

f. Defendant further agrees to forfeit all interests in the following property which constitute instrumentalities and proceeds of the offense: one Apple iPhone S (Model A1633), and $696 in cash. Defendant warrants that Defendant is the sole owner

2

of all of the property listed above, and agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement. Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

g. At the time of sentencing, the government will move to dismiss the remaining counts of the indictment. RW

3.  Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4.  The United States and defendant stipulate and agree to the following facts under the guidelines:

    a.  The offense involved the use of a computer or an interactive computer service, as described in U.S.S.G. § 2G1.3(B)(3);

    b.  The offense involved the commission of a sex act, or sexual contact as described in U.S.S.G. § 2G1.3(B)(4).

5.  Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case.

3

Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offenses to which Defendant is pleading are: *RW /initials/*

~~(i) Count One: life imprisonment; $250,000 fine, lifetime supervised release; $100 special assessment, and $5,000 additional special assessment (per 18 U.S.C. § 3014(a)); and~~ *RW /initials/*

(ii) Count Two: life imprisonment with a mandatory minimum term of ten years; $250,000 fine, lifetime supervised release; $100 special assessment, and $5,000 additional special assessment (per 18 U.S.C. § 3014(a)).

~~If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are two life terms (with a mandatory minimum of ten years); supervised release of up to life; and a $500,000 fine. The mandatory special assessments total $10,200.~~ *RW /initials/*

7. Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to

4

recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

   a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

   b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

   c. Defendant has the right to a jury trial;

   d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

   e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

   f. Defendant waives these trial rights if the Court accepts a plea of guilty.

   g. Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, shall notify the state

sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than

Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are equal to a term of incarceration of 120 months. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced

Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____  
Reysean REAYSEAN WILLIAMS  
Defendant

11/29/18  
Date

_____  
J. DIXON-ACOSTA  
Counsel for Defendant

11/29/18  
Date

_____  
TERRENCE P. DONNELLY  
Assistant U.S. Attorney

11/29/18  
Date

_____  
SANDRA HEBERT  
Assistant U.S. Attorney  
Deputy Chief of the Criminal Division

11/29/18  
Date

8